Samuel N. ZARPAS, Appellant

v.

John H. DAVIS, Appellee.

No. 15572.

United States Court of Appeals District of Columbia Circuit.

Argued May 13, 1960.

Decided June 2, 1960.

Mr. Leonard B. Sussholz, Washington, D. C., with whom Mr. Marvin P. Sadur, Washington, D. C., was on the brief, for appellant.

Mr. Dexter M. Kohn, Washington, D. C., with whom Mr. J. E. Bindeman, Washington, D. C., was on the brief, for appellee. Mr. Leonard W. Burka, Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal from summary judgment entered against appellant in favor of appellee.

Appellant Zarpas and appellee Davis were co-indemnitors with one William H. Spradlin, Jr., on two surety construction bonds executed by Standard Accident Insurance Company. Spradlin and Davis were co-indemnitors on two other surety construction bonds executed by the same surety company. On these latter indemnity agreements Zarpas was not a party. The surety company filed suit against the contractor and co-indemnitors Davis and Spradlin by reason of losses under the four bonds. Davis filed third-party proceedings against Zarpas seeking contribution for any payment made on account of the indemnity agreements to which Zarpas was a party, should Davis be held responsible. Thereafter, judgment on all four indemnity agreements was obtained by the surety company against Davis, who satisfied that judgment. Davis thereupon moved for summary judgment against Zarpas and, on that motion, summary judgment was entered against Zarpas for one-half the amount paid by Davis in settlement of that part of the surety company's judgment which involved the two indemnity agreements on which Zarpas was a party, plus one-half of the attorney's fees and court costs incurred by Davis in the unsuccessful defense of the suit brought by the surety company on the four indemnity agreements.

On this appeal, it is urged, among other things, that summary judgment was improperly granted because appellee was not entitled to contribution as a matter of law, it being claimed that Davis breached a promise whereby Zarpas was induced to execute the two indemnity agreements, and because it would be inequitable for that reason to allow any recovery to Davis. It was also claimed that, because of a certain agreement between Spradlin and Zarpas, said to have been executed with the knowledge and consent of Davis, Zarpas had in fact been released as co-indemnitor.

We believe that appellant was entitled to a trial on these issues and that summary judgment should not have been granted.

It is further claimed that in any event, if it should be determined that Davis is entitled to contribution as against Zarpas, error was committed by the District Court in awarding Davis a judgment for one-half the amount he paid the surety rather than for one-third, there having been three co-indemnitors, Davis, Zarpas and Spradlin. Summary judgment was granted against Zarpas in one-half the total amount paid by Davis apparently on the theory that Spradlin was insolvent. In an affidavit by Davis the insolvency was alleged on information and belief. Spradlin, though a non-resident, is before the court by personal service.

In view of the equivocal nature of the affidavit as to insolvency, and the fact that Spradlin had covenanted to release Zarpas, allegedly with Davis' knowledge and consent, we think this issue, too, should have gone to trial.

Appellant further complains that the District Court allowed appellee one-half of the $1500.00 attorney's fees and one-half of the court costs paid by appellee in connection with the suit brought against him by the surety company. It will be noted that there were four bonds involved in that suit and that there were indemnity agreements written in connection with the four bonds, on only two of which was appellant a party. Assuming

that appellee is entitled to have contribution insofar as these items are concerned —as to which we express no opinion—the District Court should consider what portion of these attorney's fees and costs should be borne by appellant.

There being genuine issues of fact for determination, the judgment of the District Court is reversed; and the case is remanded for such further proceedings as are not inconsistent with this opinion.

It is so ordered.